# Willingham *v.* The State.

*Violating Prohibition Law.*

(Decided June 9, 1914.   65 South. 847.)

*Intoxicating Liquors; Evidence; Statute.*—The provisions of section 4, Acts 1909, are without application to make out a prima facie case where the evidence disclosed that a jug of whisky was hid in a patch of weeds back of the garden at the home of defendant's brother, whom defendant was visiting at the time.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Harmon Willingham was convicted for keeping intoxicating liquors for sale, and he appeals. Reversed and remanded.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The court properly permitted the affidavit to be amended. The evidence was sufficient to make out a prima facie case under section 4, Acts 1909, p. 64. The oral charge of the court was correct.—*McNeal v. State,* 122 Ala. 121.

PELHAM, J.—The affidavit set out in the record contains no charge against the defendant that would support a judgment of conviction, but as this may be amendable so as to make a good affidavit, or be due to clerical error in copying the affidavit in the transcript, and another trial result, we call attention to a reversible error shown in the record for the benefit of the trial court should another trial be had.

· That part of the oral charge of the court to which an exception was reserved states a rule of evidence not

justified by statute, and unless of statutory creation, no support for the proposition of law given in charge would exist. Section 4 of the act to suppress the evils of intemperance, etc., approved August 25, 1909 (Acts 1909, p. 64), provides that the keeping of prohibited liquors in any *building* not used exclusively for a dwelling shall be prima facie evidence that they are kept for sale, or intent to sell, but the provisions of this statute cannot be extended to include an open space some distance from any building. In this case, the prohibited liquor (a jug of whisky) was found in a patch of weeds in a cleaned space outside and back of the defendant brother's garden. The defendant did not live in the neighborhood, but at the time of the alleged offense was visiting his brother, and was not shown to have had any control over the premises where the prohibited liquor was found. The court in its oral charge to the jury instructed them in effect that, if they found from the evidence that the defendant kept the jug of whisky in the open space where it was found in the weeds, this would be prima facie evidence that he kept it for sale, or with the intent to sell. In this the court was in error. Keeping prohibited liquor in such a place as shown by the evidence in this case is not made prima facie evidence that it is kept for an unlawful purpose.

Reversed and remanded.